## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE:                                    )
                                          )
    PAUL F. MIK, JR.                      )    CASE NO.  15-31285(1)(13)
    LEE ANN MIK                           )
                                          )
_____ Debtor(s)     )

## MEMORANDUM-OPINION

This matter came before the Court for an evidentiary hearing on the Objection to Amended Claim No. 9 of Creditor William R. Richards ("Creditor") filed by Debtors Paul F. Mik, Jr. and Lee Ann Mik ("Debtors").  The Court considered the Debtors' Objection, the Response to the Objections filed by Creditor, Pre-hearing filings of the parties, the testimony of the witnesses at the hearing, and the comments of counsel for the parties at the evidentiary hearing.  For the following reasons, the Court will **SUSTAIN** the Objection to Amended Claim No. 9 of the Creditor.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 17, 2015, Debtors filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

On Schedule F to the Petition - - Creditors Holding Unsecured Nonpriority Claims, Debtors listed a debt owed to William Richards of Midway Property Management in an unknown amount.

On August 25, 2015, Creditor filed Proof of Claim No. 9, listing a debt of $127,125 for "money loaned on various dates."

On September 30, 2015, Debtors filed their Objection to Claim No. 9 of Creditor.  Debtors claimed that the supporting documentation to Claim No. 9 did not support Creditor's claim and that

Creditor had purchased various items from Debtor Paul Mik, Jr., as an auctioneer and that funds were transferred from Creditor to Mik for various items purchased, rather than as loans.

On October 21, 2015, Creditor filed a Response to Debtors' Objection stating his Amended Proof of Claim, filed on the same date, reduced the amount owed by Debtors to $116,125 and that the amount represented loans to Debtors and not sales of auctioned items.

The Court scheduled the Objection to the Amended Proof of Claim No. 9 for an evidentiary hearing. Prior to the evidentiary hearing, pursuant to the Court's evidentiary Order, the parties filed Pre-trial Memoranda of Law and Witness and Exhibits Lists.

Prior to the evidentiary hearing, Creditor filed a Motion to Strike Debtors' Witness and Exhibit Lists contending the Order required all pre-hearing filings to be filed 14 days before the scheduled hearing and that Debtors' filings were five days late. Debtors filed a Response noting there was no prejudice to Creditor since the parties identified the same witnesses and exhibits, but for an Affidavit of Creditor filed in another legal proceeding.

Creditor also filed a Motion to Limit Evidence Which May be Presented at the Evidentiary Hearing contending Debtors were limited at the evidentiary hearing to present evidence only on those matters raised in their Objection to Claim No. 9.

The Court held an evidentiary hearing on January 6, 2016 and overruled Creditor's Motion to Strike Witness and Exhibit Lists. The Court heard testimony from William R. Richards and Paul F. Mik, Jr. The Court entered the tendered exhibits and took Debtors' Objection to Claim No. 9 and Creditor's Motion to Limit Evidence under submission.

**LEGAL ANALYSIS**

Initially, the Court notes that neither party suffered any prejudice by the admission of the evidence tendered at trial. The Exhibits, with the exception of the Affidavit of Creditor filed in another legal proceeding, were the same documents submitted by both parties pursuant to the Court's Pre-trial Order. The Affidavit could not have been prejudicial or represent any unfair surprise to the Creditor, since it was his own Affidavit. The Court, finding that neither party gained unfair advantage from the submission of any evidence tendered at the hearing, overrules the Creditor's Motion to Limit Evidence. This matter was heard by the Court without a jury and the admission of evidence is within the Court's discretion. *Bic Corp. v. Far E. Source Corp.*, 23 Fed. Appx. 36, 39 (2d Cir. 2001) (In a bench trial, trial judge has broad discretion over the admission of evidence and the trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis).

The evidence at trial established that Debtor Paul F. Mik, Jr. was in the auction business for 27 years. During the course of his business, Mik became acquainted with Creditor as a buyer at some of these auctions.

Creditor claims that Mik owes him $116,125 arising out of a series of business loans to Mik and his auction business that began in December 2012. Debtors' business, U.S. Real Estate Group, LLC, operated under the name of U.S. Auction Group. Creditor submits that the funds provided to Mik and his business entities were intended as loans. He relies on a series of memoranda and electronic transactions in support of this claim. Creditor testified that he had been in the banking industry for many years. Yet, Creditor's documentation of the sums he claims are owed by Mik is totally unsatisfactory to establish these transactions as "loans." The parties never entered a typical

loan transaction documented by a promissory note or any other writing that could be construed as a promissory note despite Creditor's history in the banking business. Creditor argued that the tendered documents taken as a whole, with his testimony of the intent and course of conduct of the parties, is sufficient evidence of a loan agreement between the parties. Creditor's construction, however, is not compelling given the insufficiency of the record before the Court.

Mik argues that Creditor's claim cannot be allowed as Mik and Creditor were in business together and Creditor's transfers of funds to Mik and/or the business entities were in the nature (largely) as capital infusions. Creditor admitted he had an office at U.S. Auction Group and intended to share in the profits of certain auctions conducted by the business. The documentation tendered in support of Creditor's claim not only does not support a construction that these funds were loaned, but indicates that Creditor was in business with Mik and U.S. Auction Group. Further, Creditor had access to the tax returns of U.S. Auction Group and used those returns to borrow money on behalf of the entity. Access to and utilization of these tax returns, admitted by Creditor, evidence authority and control over U.S. Auction Group that is not typical of an arm's length debtor/creditor relationship. It indicates a business arrangement much like a general partnership.

Indeed, Mik testified that he and Creditor agreed that Creditor would put money into the business over time and in return, Creditor would receive 30% of net commissions from the auctions. Over time, Mik estimated that Creditor invested approximately $30,000 in the auction business. The exhibits submitted at the hearing and attached to the Proof of Claim and Amended Proof of Claim consisted primarily of Creditor's bank records. These transactions totaled $24,000 through

electronic means and one for $4,125 which Mik claims was for Creditor's payment for a tractor and bushhog at an auction.

Creditor claims that he was the source of funds for a $37,000 check made payable to "U.S. Auction Group or Paul Mik" dated March 31, 2014.  Debtor claims this was simply a transfer of funds from a U.S. Real Estate, LLC account to U.S. Auction Group.  Mik testified that the check tendered to the Court had been deceptively redacted by Creditor so tracing the source of funds was impossible.  The account numbers on this document had been redacted such that the Court could not be certain the source of the funds for this transaction.

In support of his Amended Proof of Claim, Creditor produced a letter dated December 18, 2012 on U.S. Auction Group lettterhead which purports to be a "Repayment Schedule for William Richards ($51,000)."  The one line letter states, "30% of net realized commission to US Auction Group (USAG) or minimum of $1,000 per month beginning February 1, 2013."  The letter is signed by Mik, Debtor's mother, Patricia Mik, who also wanted to be part of the auction business and Creditor. Mik disputes the authenticity of the letter.  Debtor testified that while the repayment figure of a 30% commission was correct, he has no idea where the $51,000 figure came from.  He testified that he believed the letter was photo-shopped because the actual letterhead from U.S. Auction Group had its company logo in the center of the document.  On the Exhibit presented at trial, the U.S. Auction Group letterhead was in the left hand corner of the document.  Debtor could not produce the original letter memorializing their agreement because Creditor returned his business records to him after a lockout in a disorganized state.  Creditor could not produce the original of the letter either.

The state of the documentation between Mik and Creditor is disorganized and unprobative to say the least. If this had been a bona fide loan transaction for the sums claimed by the Creditor it was incumbent upon him to make sure the documents supported his claim to repayment. They simply do not. In fact, the fragmented documentation at best supports Mik's Objection to the claim.

The evidence, instead, established that Debtors and Creditor had a partnership whereby Richards invested money into Debtors' company and in return he was to receive 30% of the net commissions received on the auctions. Whether the parties had a partnership is governed by the Uniform Partnership Act as adopted by Kentucky. KRS 362.150 *et. seq.* The relevant law in Kentucky on partnerships has been stated by Kentucky courts as follows:

> A partnership is an association of two (2) or more persons to carry on as co-owners a business for profit[.]" KRS 362.175(1). "[A]n agreement to share profits is an essential element of every true partnership." *Boreing v. Wilson*, 128 Ky. 570, 108 S.W. 914, 922 (1908). "The receipt by a person of a share of the profits of a business is *prima facie* evidence that he is a partner in the business[.]" KRS 362.180(4). "[T]he law is well settled that where the parties, by their acts, conduct, and writings, show that they intended a partnership, and did in fact agree to share the profits of the business as joint owners, such parties are partners." *Boreing*, 108 S.W. at 922. *See Stewart v. Stovall*, 191 Ky. 508, 230 S.W. 929, 932 (1921).

*Dutton v. Dutton*, No. 2012-CA-001403-MR, 2014 WL 631572, at 4 (Ky. App. Feb. 14, 2014) (Unpublished).

Here, the parties had an agreement to share the profits of the auction. Mik was to receive 70% of those profits and Creditor was to receive 30%. There simply was no evidence to support Creditor's claim that the money he put into the business was meant to be loans rather than a capital investment.

The Amended Proof of Claim is *prima facie* evidence as to the validity and the amount of the claim pursuant to Fed. R. Bankr. P. 3001(f). The party objecting to the claim, has the initial

-6-

burden of going forward with evidence to refute the claim as set forth in the Proof of Claim. *In re Burkett*, 329 B.R. 820, 826-27 (Bankr. S.D. Ohio 2005). Here, Debtor came forward with sufficient evidence to refute Creditor's claims as set forth in his Amended Proof of Claim. Creditor did not put forth any evidence that would rebutt the Debtor's testimony and evidence presented at the evidentiary hearing. At best, Creditor established by Debtor's own admission that he put approximately $30,000 into the business. The Court determines that the parties established a partnership for a 70/30 split of the profits. The money represents a capital investment by the Creditor in what ultimately became a failed business venture. The funds were not loans to the Debtors. For these reasons, the Court must **SUSTAIN** the Objection to Amended Proof of Claim No. 9.

**CONCLUSION**

For all of the above reasons, the Court will enter the attached Order **SUSTAINING** the Objection of the Debtors to Amended Proof of Claim No. 9 of Creditor William Richards.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  March 8, 2016

## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE:                                            )
                                                  )
    PAUL F. MIK, JR.                          )   CASE NO.  15-31285(1)(13)
    LEE ANN MIK                               )
                                                  )
_____Debtor(s)   )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection of Debtors' Paul F. Mik, Jr. and Lee Ann Mik to the Amended Proof of Claim No. 9 of William R. Richards, be and hereby is, **SUSTAINED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  March 8, 2016